**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAVID DIBENEDETTO, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>IRANIAN MINISTRY OF INFORMATION<br>AND SECURITY, et al.,<br><br>        Defendants. | Case No. 1:16-cv-2429-TSC |

**BENSON PARTIES' NOTICE OF ATTACHMENT**
**AND PRIOR EXCLUSIVE JURISDICTION**
**IN THE SOUTHERN DISTRICT OF NEW YORK**

Through their undersigned counsel, the *Benson* Parties—non-parties with an interest in this action—respectfully submit this notice regarding the DiBenedetto Plaintiffs' motion for writ of attachment and service on Tether (ECF No. 59), this Court's Orders granting the same (ECF Nos. 61, June 3, 2026 Minute Order), and any writ that may have issued pursuant to the Court's Orders.

The *Benson* Parties respectfully inform the Court that prior to the DiBenedetto Plaintiffs' motion, the United States District Court for the Southern District of New York had already issued a writ of attachment applying to the specific assets subject to DiBenedetto Plaintiffs' motion and the resulting writ—specifically, the property held in the digital wallets with addresses:

TNiq9AXBp9EjUqhDhrwrfvAA8U3GUQZH81 and
TTiDLWE6fZK8okMJv6ijg42yrH6W2pjSr9

(the "Attached Assets"). The DiBenedetto Plaintiffs' writ is therefore without effect. Because the U.S. District Court for the Southern District of New York had prior exclusive jurisdiction over the Attached Assets, the DiBenedetto Plaintiffs were (and are) accordingly precluded from seeking

relief with respect to those assets in this Court, and this Court lacked jurisdiction to grant such relief. *See, e.g.*, *Est. of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 642 (D.C. Cir. 2025).[1]

The *Benson* Parties are 1,335 U.S. military servicemembers, or their surviving family members, who were victims of terrorist attacks sponsored by Iran and now hold money judgments awarding them approximately $20 billion against Iran, including well over $10 billion in compensatory damages. The *Benson* Parties have registered those judgments in the U.S. District Court for the Southern District of New York and brought an action in that Court seeking execution and attachment in aid of execution with respect to the Assets under Section 201(a) of the Terrorism Risk Insurance Act of 2002. In that action, captioned *Benson v. Islamic Republic of Iran*, No. 26-cv-2327 (S.D.N.Y.) ("Benson Dkt."), the Court has issued a writ of attachment applying to the precise Attached Assets at issue here. The *Benson* writ was initially issued March 22, 2026, *Benson* Dkt. 22, and amended April 28, 2026, *Benson* Dkt. 35. The operative amended writ was delivered to the Marshal for the Southern District of New York on April 29, 2026, establishing the *Benson* Parties' priority in the assets, and the Marshal levied the writ on Tether the same day. *Benson* Dkt. 36. In short, the assets subject to the Attachment Motions are already subject to the jurisdiction of the U.S. District Court for the Southern District of New York.

---

[1] The *Benson* Parties filed similar notices on May 21 in *Relvas v. Islamic Republic of Iran*, No. 14-cv-1752 (RCL) (D.D.C.), and *Encinas v. Islamic Republic of Iran*, No. 18-cv-2568 (CJN) (D.D.C.), after learning that the plaintiffs in those actions had made similar requests. However, the *Benson* Parties did not learn of the DiBenedetto Plaintiffs' efforts until June 3, when they were informed that the DiBenedetto Plaintiffs had served their purported writ on Tether. However, the DiBenedetto Plaintiffs (who are represented by the same counsel as the *Encinas* and *Relvas* Plaintiffs) presumably *have* known of the *Benson* Parties' prior writ and the Southern District of New York's prior exclusive jurisdiction at least since May 21, when the *Benson* Parties filed their notices in *Relvas*, No. 14-cv-1752, ECF No. 112, and *Encinas*, *see* No. 18-cv-2568, ECF No. 75—notices as to which neither the *Relvas* nor *Encinas* Plaintiffs have responded, much less raised any dispute. Instead, the *Encinas* Plaintiffs have since attempted to register their judgment in the Southern District of New York. *See In re Encinas Claimants*, No. 26-mc-246 (S.D.N.Y.) (filed May 27, 2026).

That means that this Court may not exercise jurisdiction over the same property, and—like the *Relvas* and *Encinas* Plaintiffs—the DiBenedetto Plaintiffs must seek relief, if at all, from the U.S. District Court for the Southern District of New York. It is an "ancient and oft-repeated rule of *in rem* and *quasi in rem* jurisdiction . . . . that when a state or federal court of competent jurisdiction has obtained possession, custody, or control of particular property, that authority and power over the property may not be disturbed by any other court." *Est. of Levin*, 156 F.4th at 642 (cleaned up). "So when two *in rem* [or *quasi in rem*] actions are filed against the same property in different courts, only one court, or its officer may possess or control the property which is the subject of the litigation." *Id.* (cleaned up). "In sum, only one court at a time may exercise jurisdiction over particular property." *Id.* As the District Court presiding over the *Levin* case explained on remand from the D.C. Circuit, "[t]he rule exists to prevent jurisdictional conflicts implicated when multiple courts seek to dispose of a *res* in different ways. The rule is so strong that the first court to assume jurisdiction over the *res* may even enjoin proceedings in the second if such action would safeguard the integrity of its orders." *Est. of Levin v. Wells Fargo Bank, N.A.*, No. 21-cv-420 (JEB), 2026 WL 879176, at *5 (D.D.C. Mar. 31, 2026) (cleaned up). In that case, which involved competing attachments and forfeiture proceedings, the Court concluded that "the doctrine applies with full force to bar any other courts from exercising jurisdiction over the Blocked Funds once this Court assumed jurisdiction." *Id.* at *6.

The same result holds here. The U.S. District Court for the Southern District of New York has assumed jurisdiction over Attached Assets. "[T]hat authority and power over the property may not be disturbed by any other court." *Est. of Levin*, 156 F.4th at 642 (quoting 16 Wright & Miller, Federal Practice & Procedure § 3631 (3d ed. 2025)). "Thus 'the jurisdiction of the one court must yield to that of the other.' In sum, only one court at a time may exercise jurisdiction over particular

property." *Id.* (quoting *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939));
*see also United States v. Bank of New York & Trust Co.*, 296 U.S. 463, 477 (1936).

That precludes the DiBenedetto Plaintiffs from pursuing those assets in this Court, and bars this Court from exercising jurisdiction over the Attached Assets. Because this Court lacked jurisdiction over the Attached Assets at the time it issued the writ (and at the time the DiBenedetto Plaintiffs sought the writ), the writ is without legal effect.

In light of the Southern District of New York's prior exclusive jurisdiction over the Attached Assets, the *Benson* Parties respectfully submit that the proper course would be for this Court to *sua sponte* vacate its Order entered at ECF No. 61, and vacate or quash any writ issued pursuant to that Order. The DiBenedetto Plaintiffs must seek relief, if at all, from the U.S. District Court for the Southern District of New York. *See, e.g.*, *Est. of Levin*, 2026 WL 879176, at *5 (once the first court has assumed jurisdiction over specific property no "other party" can "assert[] a claim" to the property "anywhere else"). Should the Court wish the *Benson* Parties to file a motion requesting that relief, they are prepared to do so.

Dated: June 3, 2026

Respectfully submitted,

/s/ Aaron E. Nathan

Michael J. Gottlieb (D.C. Bar No. 974960)
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3111
mgottlieb@willkie.com

Nicholas Reddick (D.C. Bar. No. 1670683)
Willkie Farr & Gallagher LLP
333 Bush St.
San Francisco, CA 94104
(415) 858-7400
nreddick@willkie.com

Lee S. Wolosky (D.C. Bar No. 1632942)
Aaron E. Nathan (D.C. Bar No. 1047269)
Willkie Farr & Gallagher LLP
787 Seventh Ave
New York, NY 10019
(212) 728-8000
lwolosky@willkie.com
anathan@willkie.com

*Counsel for the Benson Parties*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2026, I caused a true and correct copy of the foregoing to be served by electronic means, *via* the Court's ECF system, on all counsel registered to receive electronic notices.

/s/ Aaron E. Nathan